**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**DERRICK BARBER**                                                          **PLAINTIFF**

**V.**                          **CASE NO. 2:19-CV-13-LPR-BD**

**BUREAU OF PRISONS,** *et al.*                                **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections

This Recommendation has been sent to Judge Lee P. Rudofsky. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.    Background

Plaintiff Derrick Barber filed this case without the help of a lawyer under the Federal Tort Claims Act (FTCA). At the time he filed his complaint, Mr. Barber was serving time in the Bureau of Prisons (BOP), Federal Correction Institution in Forrest City, Arkansas (FCI-FC), for violating conditions of his supervised release. Since filing this case, Mr. Barber has been released from custody.

In this lawsuit, Mr. Barber claims that the United States (USA) provided negligent medical treatment for injuries he sustained in a fall from his prison bunk at FCI-FC.[1] (Doc. No. 1, Doc. No. 6) Specifically, he complains that the USA was negligent in waiting three days after his fall from a top bunk to render medical care and in failing to issue a pass for a bottom bunk until 47 days after the fall. (Doc. Nos. 1, 6)

Defendant USA has answered and moved for summary judgment, contending that Mr. Barber cannot prevail on his medical malpractice claim. (Doc. No. 35) Mr. Barber has not responded to the motion, and the time for filing a response to the motion has now passed.

## III.   <u>Summary Judgment Standard</u>

Summary judgment means that the court rules in favor of a party without the need for a trial. A party is entitled to summary judgment, however, only if the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

As the moving party here, the USA must present evidence showing that no critical facts are in dispute. If the USA produces that evidence, Mr. Barber is obliged to produce evidence to rebut the USA's evidence. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If there is no genuine dispute about the facts, the Court

---

[1] All other Defendants were dismissed from this lawsuit. (Doc. No. 10)

must apply the applicable law to those undisputed facts and, if appropriate, grant summary judgment. *Celotex Corp.*, 447 U.S. at 322–23.

## IV.    <u>Undisputed Facts</u>

Mr. Barber arrived at FCI-FC on December 7, 2017. (Doc. No. 34-1, pp.2-3) At his medical intake screening with Nurse Brandon Wooten, Mr. Barber explained that he had lower back pain as a result of a 2001 car accident and that he was an insulin-dependent diabetic. (Doc. No. 34-1, pp.3, 13-18) Nurse Wooten renewed Mr. Barber's prescriptions at that intake screening. (Doc. No. 34-1, pp.3, 13-18)

On December 10, 2017, Mr. Barber filed an Inmate Request to Staff, reporting that he had fallen from his top bunk as a result of low blood sugar. He stated that he had hit his head on a locker in the fall and was experiencing low back pain. In addition, he complained that he had informed staff at his intake screening that he needed a lower bunk due to his insulin dependence and bad back. (Doc. No. 34-1, pp.3, 20) (Doc. No. 34-1, p.20) Staff responded to the Request to Staff, noting that this was a sick call issue. (Doc. No. 34-1, p.20)

Dr. TeCora Ballom, the Regional Medical Director for the South Central Region of the BOP and Acting Clinical Director for FCI-FC-Low, submitted an affidavit in support of the Defendant's motion for summary judgment. Dr. Ballom attests that she reviewed Mr. Barber's BOP medical chart and found no indication that he had requested a lower bunk pass before his December 2017 fall. (Doc. No. 34-1, p.1-4) And, after

reviewing Mr. Barber's BOP medical records, Dr. Ballom opined that Mr. Barber had

suffered no more than a minor injury in his December 10 fall. (Doc. No. 34-1, p.4)

In addition to Dr. Ballom's affidavit, the Defendant has also submitted Mr.

Barber's medical records from his time in the BOP. Those record show that, on

December 11, 2017, Mr. Barber went to Health Services to report the fall and for

treatment for lower back pain. (Doc. No. 34-1, pp.3, 22) He did not mention a head injury

at that appointment. (Doc. No. 34-1, pp.3, 22) Staff determined that Mr. Barber should be

evaluated by a provider and instructed him to request sick call as needed. (Doc. No. 34-1,

pp.3, 22-23)

On December 13, 2017, Mr. Barber was evaluated by a mid-level practitioner for a

follow-up assessment. (Doc. No. 34-1, pp.3, 26-38) At that visit, Mr. Barber reported that

he had hit his head on a locker in the fall and had hurt his back. (Doc. No. 34-1, pp.3, 27)

He also reported a history of chronic back pain. (Doc. No. 34-1, pp.3, 28) The

practitioner ordered x-rays and prescribed 800 milligrams of ibuprofen to be taken three

times daily. (Doc. No. 34-1, pp.3, 36) The practitioner did not give Mr. Barber a pass for

a lower bunk at this evaluation. (Doc. No. 34-1, pp.4, 26-38)

On December 25, 2017, Mr. Barber submitted an inmate request, complaining that

ibuprofen was not controlling his pain. He requested a lower bunk pass and a cane, noting

his difficulty in climbing to an upper bunk. (Doc. No. 34-1, pp.4, 40)

On January 29, 2018, over a month later, a staff physician evaluated Mr. Barber and prescribed soft shoes and issued Mr. Barber a one-year lower bunk pass. (Doc. No. 34-1, pp.4, 47) In addition, the physician prescribed 800 milligrams of ibuprofen to be taken twice daily and ordered x-rays to assess Mr. Barber's chronic back pain. (Doc. No. 34-1, p.4, 46) Mr. Barber did not complain of any head injury at this visit. (Doc. No. 34-1, pp.4, 42-47)

On February 14, 2018, Mr. Barber had x-rays taken of his lower back. (Doc. No. 34-1, pp.4, 49-51) According to Dr. Ballom, Mr. Barber's x-rays were "mostly unremarkable." (Doc. No. 34-1, p.4, 49-50) They revealed no fractures or malalignment and disc heights were maintained. *Id*. There is no further mention of back pain in Mr. Barber's medical records until almost a year later.

On January 30, 2019, Mr. Barber reported lower back pain that was worse in the mornings and in cold weather; and he stated that ibuprofen relieved the pain. (Doc. No. 34-1, pp.4, 53-56) The medical provider prescribed 800 milligrams of ibuprofen daily for 180 days. (Doc. No. 34-1, p.55)

**V.**    **Discussion**

The FTCA waives sovereign immunity to permit those who are injured as a result of negligent and wrongful conduct of federal employees to recover damages. See 28 U.S.C. § 1346; *Dykstra v. U.S. Bureau of Prisons,* 140 F.3d 791, 795 (8th Cir. 1998). Because there is no general federal common law, claims brought under the FTCA are

governed by the substantive law of the state where the alleged tortious acts occurred. 28 U.S.C. § 1346(b); *Johnson v. United States*, 534 F.3d 958, 963 (8th Cir. 2008); *Little White Man v. United States*, 446 F.3d 832, 835 (8th Cir. 2006). Mr. Barber's FTCA medical negligence claims against the USA arise from medical care provided in Forrest City, Arkansas; thus, Arkansas tort law, specifically Arkansas's medical malpractice law, governs his claims.

In Arkansas, the plaintiff in a medical negligence action must prove: (1) the standard of care applicable to the provider who was allegedly negligent; (2) that the provider failed to act in accordance with that standard; and (3) that the provider's failure was the proximate cause of the plaintiff's injuries. ARK. CODE ANN. § 16-114-206; *Worden v. Kirchner*, 2013 Ark. 509, at 6. Arkansas law requires each of these elements to be proved through expert medical testimony, with some exceptions. ARK. CODE ANN. § 16-114-206(a), partially invalidated by *Broussard v. St. Edward Mercy Health System, Inc.*, 2012 Ark. 14, at 7-8 (statute's requirement for expert testimony by medical provider in same specialty as defendant held unconstitutional violation of separation of powers).

There is an exception to the expert-testimony requirement where the alleged negligence is so apparent that it can be understood by those without medical expertise. ARK. CODE ANN. § 16-114-206(a). Arkansas courts have taken a decidedly narrow view of this "common knowledge" exception. See *Haas v. Starnes*, 323 Ark. 263, 268-69 (1996) (common knowledge exception applies to obvious cases of negligence such as "a

6

surgeon's failure to sterilize his instruments or to remove a sponge from the incision before closing it"). In most cases, expert medical testimony is required because determining medical negligence usually involves matters that are not within the general knowledge of lay jurors. *Mitchell v. Lincoln*, 366 Ark. 592, 599 (2006) (citations omitted). Stated another way, folklore and hearsay are no substitute for medical training; and they do not qualify as exceptions to the requirement for expert opinions. In its motion for summary judgment, the USA argues that Mr. Barber's claims require expert medical testimony; and it is undisputed that he has none.

Lay jurors cannot be expected to know—or allowed to speculate—about medically acceptable treatment for chronic lower back pain or scientifically accepted protocol for treating head injuries. In this case, an expert opinion is required. While the Court can appoint experts, the allegations in this case – even if true – do not justify the appointment of an expert, considering Mr. Barber's uncontradicted medical records.

## III.   <u>Conclusion</u>

The Court recommends the Defendant USA's motion for summary judgment (Doc. No. 35) be GRANTED. Mr. Barber's claims against the United States should be DISMISSED, with prejudice.

DATED, this 20th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

7